## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MARIE SALAS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 1:21-cv-03959-SDG-JCF |
| ) | |
| STATEBRIDGE COMPANY, LLC, ) | |
| RVFM 11 SERIES, LLC, ) | |
| ALAN INVESTMENTS III LLC, ) | |
| VISION PROPERTY MANAGEMENT, ) | |
| LLC, and DSV SPV3, LLC, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE OF DEFENDANTS STATEBRIDGE COMPANY, LLC AND DSV SPV3, LLC TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**COMES NOW** Defendants Statebridge Company, LLC ("Statebridge") and DSV SPV3, LLC ("DSV") (collectively "Defendants"), by and through their undersigned counsel, and files this Response in Opposition to Plaintiff's *Motion for Default Judgment Against Defendants Vision Property Management, LLC, RVFM Series 11, LLC and Alan Investments III, LLC* [Doc. 20] on the grounds that Plaintiff's request for default judgment is premature. To the extent the Motion seeks any relief that pertains to Defendants, including any claims pertaining to alter ego liability, it should be denied.

In her Brief, Plaintiff acknowledges that it would be premature to enter a default judgment as to defendants Vision Property Management, LLC, RVFM 11 Series, LLC and Alan Investments III, LLC (the "Defaulting Defendants") as Defendants have contested the factual underpinnings of a majority of her claims. [Doc. 20-1, pp. 13-14]. This is consistent with the well-established precedent that in cases involving more than one defendant, a judgment should not be entered against a defaulting party until the matter has been adjudicated with regard to all defendants. See *Branch Banking & Trust Co. v. Poplar Dev. Co., LLC*, No. 5:12–CV–457, 2013 WL 2367963, at *1 (M.D. Ga. May 29, 2013) (citing *Gulf Coast Fans, Inc. v. Midwest Elect. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984) and *Frow v. De La Vega*, 82 U.S. 552 (1872)).

However, notwithstanding this principle, and despite Defendants having disputed the factual grounds for Plaintiff's alter ego claims, Plaintiff requests that this Court enter a default judgment as to the issue of alter ego liability amongst the Defaulting Defendants. Plaintiff further requests partial judgment as to the liability of the Defaulting Defendants should DSV be later determined to be liable to Plaintiff for any amounts. Plaintiff offers no plausible basis why this Court should stray from this general principle that judgment should not be entered against a defaulting party on an issue of joint liability until a trial on the merits against the remaining

defendants.

Moreover, Rule 54(b) provides that in an action involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines there is no just reason for delay**." Fed. R. Civ. P. 54(b) (emphasis added). "Courts have interpreted [Rule 54(b)] to mean that [w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. *Manufacturers All. Ins. Co. v. Brencorp, Inc.*, No. 4:15-cv-140-HLM, 2016 WL 4582074, at *2 (N.D. Ga. Mar. 22, 2016) (internal citations omitted) (declining to grant final default judgment against the defaulting defendant where two other defendants had appeared and defended the case).

In *Brencorp*, which Plaintiff also cites to in her brief, the court concluded that a just reason existed for the delay in entering judgment even though, unlike here, Plaintiff did not allege the party that answered the lawsuit was jointly and severally liable with the defendant in default. 2016 WL 4582074, at *2. The court determined that the defendants were similarly situated, the claims arose from the same set of facts and circumstances, and that a default judgment could lead to inconsistent or incongruous results. *Id*.

The same can be said of the claims pending in this case against DSV. Plaintiff is asking this Court to determine that the Defaulting Defendants are alter egos of one another, thus jointly and severally liable for each other's liabilities, and extend this finding of joint and several liability to DSV should it later be determined to be liable to Plaintiff in any amount. In so doing, this Court is making a tacit finding as to the ultimate issue that is presently in dispute. Defendants disagree that the entry of a default judgment against the Defaulting Defendants poses no risk of an inconsistent or illogical judgment. The requested relief unquestionably poses that risk. Plaintiff has not shown proper cause that there is no just reason for delay in order for this Court to make the certification required under Rule 54(b). Accordingly, Plaintiff's motion for entry of default judgment should be denied without prejudice.

Respectfully submitted this the 6th day of January, 2022.

/s/ Christopher J. Reading
Dallas R. Ivey
Georgia Bar No. 385145
Christopher J. Reading
Georgia Bar No. 141761
*Attorneys for Defendants*

**ALDRIDGE PITE, LLP**
Fifteen Piedmont Center
3575 Piedmont Road, N.E.
Suite 500
Atlanta, GA 30305
Telephone: 404.994.7460
Facsimile: 888.387.6828
creading@aldridgepite.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing was prepared using one of the font and point selections approved by this Court in Local Rule 5.1(C). Specifically, Times New Roman font was used in 14 point.

/s/ Christopher J. Reading
Christopher J. Reading
Georgia Bar No. 141761

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the below-listed individuals with a true and correct copy of *RESPONSE OF DEFENDANTS STATEBRIDGE COMPANY, LLC AND DSV SPV3, LLC IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT* by electronically filing the same in the Court's CM/ECF case management system and by placing a true and correct copy of same in the United States Mail, with adequate first-class postage affixed thereto, properly addressed as follows:

A. Cyclone Covey
Kneupper & Covey, PC
4475 Peachtree Lakes Dr.
Berkeley Lake, GA 30096
cyclone@kneuppercovey.com

Alan Investments III, LLC
289 S. Culver Street
Lawrenceville, GA 30046

RVFM 11 Series, LLC
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, DE 19801

Vision Property Management LLC
1111 Belleview St., Suite 107
Columbia, SC 29201

Dated:     January 6, 2022.                         /s/ Christopher J. Reading
                                                    Dallas R. Ivey
                                                    Georgia Bar No. 385145

                        Christopher J. Reading
                        Georgia Bar No. 141761
                        Attorneys for Defendants

Aldridge Pite, LLP
3575 Piedmont Road NE
Fifteen Piedmont Center, Suite 500
Atlanta, Georgia 30305
(404) 994-7460 (Telephone)
(888) 387-6828 (Fax) / creading@aldridgepite.com