## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARIE SALAS,
    Plaintiff,

v.

STATEBRIDGE COMPANY, LLC; RVFM 11 SERIES, LLC; ALAN INVESTMENTS III LLC; VISION PROPERTY MANAGEMENT, LLC; and DSV SPV3, LLC,
    Defendants.

Civil Action No.
1:21-cv-03959-SDG-JCF

## OPINION AND ORDER

Before the Court is the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge J. Clay Fuller [ECF 23], and Plaintiff's and Defendants' objections thereto. For the reasons stated below, the R&R is **ADOPTED in part** and **MODIFIED in part**. Plaintiff's objection [ECF 25] is **SUSTAINED,** and Defendants' objection [ECF 26] is **OVERRULED**.

### I.  Standard of Review

A party challenging a report and recommendation must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b).

## II. Discussion

The parties do not object to the R&R's description of the facts or statement of the law, so they are not repeated here. Finding no clear error, the Court **ADOPTS** those portions of the R&R to which there is no objection. It addresses below the existence of subject matter jurisdiction and the parties' objections.

### A. Jurisdiction

First, the Court must consider whether it has subject matter jurisdiction to hear a case, regardless of whether the issue is raised by the parties. *Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006). It may raise the issue *sua sponte* at any point. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). On September 24, 2021, Defendants Statebridge Company, LLC (Statebridge) and DSV SPV3, LLC (DSV) removed this case from the Superior Court of Fulton County, Georgia on

the basis of diversity and federal question jurisdiction.¹ Because the bases for these grounds are not immediately apparent from the Notice of Removal, the Court briefly addresses jurisdiction before proceeding to the parties' objections.

Statebridge and DSV base their diversity jurisdiction contention on the purported complete diversity of citizenship of the parties and the amount in controversy.² The Notice of Removal does not, however, properly allege the citizenship of any Defendant—all of which are limited liability companies.³ The citizenship of LLCs is not based on the place of incorporation as Defendants seem to believe, but on the citizenship of each of the LLC's members and submembers until the Court is left with only individuals or corporations. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). *See also V&M Star, L.P. v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship

---

1   ECF 1. Defendants RVFM 11 Series, LLC; Alan Investments III LLC; and Vision Property Management, LLC are in default. Nov. 12, 2021 D.E.

2   ECF 1, ¶¶ 9–17.

3   The Court notes that the pleadings only allege Plaintiff's *residence*, not citizenship. However, given the nature of her allegations, Plaintiff's Georgia citizenship is not reasonably in question.

of each 'sub-member' as well.") (citation omitted). Statebridge and DSV have not identified the necessary individuals and corporations for the Court to conclude that complete diversity exists. Jurisdiction, if any, must therefore be based on a federal cause of action. 28 U.S.C. § 1331.

District courts have original jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C. § 1331. The Notice of Removal states that Plaintiff Marie Salas has asserted claims under the Truth in Lending Act (TILA) and the Fair Debt Collection Practices Act (FDCPA).[4] With regard to TILA, the assertion in the Notice of Removal is not entirely accurate: Salas asserts a claim for equitable rescission of contract based on alleged violations of TILA and other laws.[5] Pretermitting whether this would be enough to establish federal question jurisdiction, the Sixth Cause of Action based on violations of the FDCPA is sufficient to support federal question jurisdiction for that claim and supplemental jurisdiction over the remainder of Salas's claims.

Since the FDCPA is a federal law, there is no question that the Court has jurisdiction over Salas's Sixth Cause of Action. That cause of action is, however,

---

4   ECF 1, ¶ 20.
5   ECF 1-1 (Compl.), at 13–17; ECF 6 (First Am. Compl.), ¶¶ 125–174.

based on conduct engaged in only by Statebridge.⁶ The remainder of Salas's claims are state-law causes of action and jurisdiction over them must therefore be based on something other than a federal question.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Here, Salas's allegations about the overall scheme of which she was a victim make clear there is no meaningful way to parse her state-law claims from her federal one. The FDCPA cause of action asserts that Statebridge attempted to collect payments due under the parties' contract and falsely asserted that property taxes on the property had been paid.⁷ Statebridge also allegedly falsely told Salas that it would initiate foreclosure proceedings even though DSV no longer held title to the property.⁸ This conduct is part and parcel of the overall fraudulent scheme in which

---

6    ECF 6, ¶¶ 213–226.

7    *Id.* ¶¶ 214, 222.

8    *Id.* ¶ 223.

Defendants purportedly engaged.[9] The Court therefore concludes its exercise of jurisdiction over the entire case under 28 U.S.C. §§ 1331 and 1367(a) is appropriate.

### B.   Plaintiff's Objection

Salas objects only to the recommendation that the part of her breach of contract claim (the First Cause of Action) based on the seller financing provisions be dismissed without providing her leave to amend. She asserts that the cause of action is capable of being amended to state a claim consistent with the factual allegations already in the First Amended Complaint (the FAC).[10]

The Court does not find any error in Judge Fuller's conclusion that the claim as currently pleaded is deficient. Nor does Salas point to any.[11] However, she argues that she can amend the allegations to show that the terms of the contract were modified and that she timely satisfied all the conditions precedent to obtain seller financing—something she did not expressly argue to the magistrate judge.[12]

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave when justice so requires." Fed R. Civ P. 15(a)(2). District courts have

---

[9]   *See generally* ECF 6.

[10]  ECF 25, at 5–6.

[11]  *Id.* at 6.

[12]  *Id.* at 6–7.

"extensive discretion" in deciding whether to grant such leave. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Statebridge and DSV did not reply to Salas's objection or otherwise identify any reason why her proposed amendment would be futile or prejudicial. *Id.* (indicating that leave to amend may be denied "when the amendment would prejudice the defendant, follows undue delays, or is futile"). As described, Salas's proposed amendment is not obviously futile. And, as discussed further below, particularly in light of the fact that Salas is also being permitted to amend another part of her First Cause of Action,[13] this Court sees no prejudice in allowing Salas the opportunity to amend her pleading as to the alleged breach of the seller financing provisions as well. Salas's objection is sustained.

### C. Defendants' Objection

Statebridge and DSV object to Judge Fuller's recommendation to not dismiss that part of the First Cause of Action based on breach of the insurance provisions. They also object to the recommendation that Salas be permitted to replead the portion of her breach of contract claim based on the failure to pay taxes.[14]

---

[13] ECF 23, at 20–22, 45.

[14] ECF 26, at 3.

### 1. Insurance Provisions

Statebridge and DSV contend that the contract does not contain any provision creating a duty to maintain insurance for Salas's benefit or make an insurance claim on her behalf.[15] This is the same argument Judge Fuller rejected in the R&R.[16] Statebridge and DSV contend the contract does not support Salas's assertion that DSV was required to maintain insurance on the property or make an insurance claim.[17] But that is exactly what the contract appears to require. Part of Salas's monthly payment was for casualty and general liability insurance that the lessor was supposed to purchase.[18] The contract refers only to the lessee purchasing insurance to cover damage or loss to personal belongings—not for damages to the real property itself.[19] Further, the contract required the lessor to apply insurance proceeds to repairs made because of damages to the property.[20] The FAC sufficiently alleges that Defendants breached their duty to maintain

---

[15] *Id.* at 4–5.

[16] ECF 23, at 18–20.

[17] ECF 26, at 5.

[18] ECF 1-1, at 33.

[19] *Id.*

[20] *Id.*

insurance for damage to the property. Statebridge and DSV's objection on this point is therefore overruled.

### 2. Failure to Pay Taxes

Statebridge and DSV object that Salas is no longer at risk of eviction since DSV has now regained its interest in the property. As a result, they contend Salas should not be allowed to replead her breach of contract claim to the extent it is based on the failure to pay the property taxes.[21] The R&R recommended dismissal of this claim because Salas did not allege how she had been harmed by this failure.[22] Defendants' objection suggests the only harm that could have befallen Salas was eviction—which is now off the table.[23] As the R&R makes clear, however, that is not the case. If, before the contract expiration date, Salas sought third-party financing that was denied because DSV did not then hold title, she may have suffered damages.[24] There could also be other forms of damage.

Because DSV's reacquisition of its interest in the property does not as a matter of law foreclose the possibility of damages, the Court overrules Statebridge

---

21  ECF 26, at 5–6.

22  ECF 23, at 20–22.

23  ECF 26, at 5–6.

24  ECF 23, at 22.

and DSV's objection. Salas has leave to replead this part of her breach of contract cause of action. Obviously, if she has not suffered any damage, she should not replead this cause of action in a manner that is inconsistent with the R&R and this Order.

### III. Conclusion

Salas's objection [ECF 25] is **SUSTAINED**. Statebridge and DSV's objection [ECF 26] is **OVERRULED**. The R&R [ECF 23] is **ADOPTED** as the Order of this Court, except as modified below. **Within 21 days after entry of this Order**, Salas shall file a Second Amended Complaint that amends, consistent with this Order and the R&R, the First Cause of Action to the extent it is based on the alleged breach of seller financing provisions and failure to pay property taxes.

**Within 14 days after the filing of the Second Amended Complaint**, Statebridge and DSV shall (1) **ANSWER** the Second, Third, Fourth, Fifth, and Sixth Causes of Action, and those portions of the First Cause of Action based on the alleged breach of the insurance provisions and (2) **RESPOND** by answer or motion to the portions of the First Cause of Action based on the alleged breach of seller financing provisions and failure to pay property taxes.

This action is returned to Judge Fuller for further pretrial proceedings.

**SO ORDERED** this 29th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge
